IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **JAMES ROSCOE VANDYKE, JR.** | ) | CASE No. 05-75858 |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

### MEMORANDUM DECISION

This Decision deals with the Chapter 13 Trustee's second Motion to Dismiss this case which Motion was filed March 17, 2006, previously heard on April 19, and heard and granted in open court on June 7, 2006. Although the ruling on the Motion was made in open court, the Court believes that it is appropriate to pen a few words concerning such ruling.

FINDINGS OF FACT

At the April 19 hearing, which was upon not only the Trustee's Motion to Dismiss but also confirmation of the Debtor's proposed Plan and the Trustee's Objection thereto, it was agreed that the hearing would be continued to June 7 to permit the Debtor to cure certain deficiencies in both providing documentation to the Trustee of payment to secured creditors being paid directly under the terms of the Plan and the making of pre-confirmation payments due to the Trustee under the Plan's provisions. Following that hearing an order was prepared by Debtor's counsel, endorsed and consented to by such counsel and the Trustee, and entered by the Court on May 4 which provided, in part, as follows:

> The debtor(s) shall have until May 22, 2006 to bring plan payments current, otherwise, the case will be dismissed at the continued hearing date or will be automatically dismissed twenty (20) days after the trustee's certification that plan payments are delinquent unless the debtor timely files a response to the certification.

On May 30 the Trustee advised the Court by a letter that the payments required by the order had

not been received. Copies of the letter were sent to the Debtor and his counsel. No response to the letter was made prior to the June 7 hearing. At that time, however, the Debtor offered the testimony of Ms. Hazel Gibson, the Debtor's daughter, that she had mailed money orders to the Trustee following the hearing for the payments which were delinquent but that the payments for February and March were in the amount of the payments under the original Plan and not the increased amount due under the provisions of the Amended Plan dated February 27 and filed on March 3. Although Ms. Gibson testified in her testimony on direct that she had mailed the payment to the Trustee at the address contained in an address book which she had in her purse, when requested by the Trustee on cross-examination to get that address book from her purse and state precisely which address she had used, she was unable to produce the address book and testified that she believed it was in her car rather than in her purse. Neither was Ms. Gibson able to produce receipts for the money orders in question, testifying that when she learned of the Trustee's certification of non-receipt of payment, she had taken the receipts to the Post Office so that a trace of the missing payments could be made. She had not made copies of the receipts in question and when asked how she would be able without receipts to prove her payment of same to the Post Office, she stated that she had received a form provided by the Post Office when the tracing was initiated but did not have that form with her at the hearing. The Debtor did not challenge the Trustee's statement that no payments had been received other than one payment during the early stages of the case.

        The Plan and schedules indicate that the Debtor has no unsecured debt. The purpose of the bankruptcy filing is to permit the Debtor, with financial assistance from his daughter, to cure defaults in his secured debt and save his property from foreclosure. Counsel

for the Debtor advised the Court that an agreement had been reached with the Debtor's mortgagee, Countrywide Home Loans, which had filed a motion for relief from the automatic stay, regarding a period for cure of any delinquent post-filing payments for which the mortgagee was unable to confirm receipt.  Countrywide was represented by local counsel at the hearing. The other secured creditor, Trupoint Bank, did not appear at the hearing and has not filed a motion for relief. Counsel for the Debtor acknowledged that full payment of the arrearage had not been made under the terms of the order, even if the payments testified to by Ms. Gibson had actually been received by the Trustee, but proposed that the Debtor be given a period of ten days to cure any remaining deficiencies to the Trustee.  The Trustee strongly opposed such suggestion and repeatedly sought the dismissal of the case pursuant to the terms of the agreed May 4 order. The Court, after observing that the provisions of the order were clear and the acknowledgment that its terms had not been fully complied with even if Ms. Gibson's testimony were accepted, granted the Trustee's Motion to Dismiss.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  This is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(L).

The Chapter 13 Trustee's Motion to Dismiss was continued from April 19 to June 7 under the terms of an express order[1] consented to by the parties which set forth an

---

[1] The May 4, 2006 order.

unambiguous requirement to be met by the Debtor to prevent his case from being dismissed.  It is undisputed that such requirement was not satisfied.  This Court has previously concluded[2] that it should enforce orders agreed to by the parties to resolve disputed issues before the Court, the terms of which have not been satisfied, because to refuse to do so discourages the parties from making concessions which, absent some confidence that such agreed orders will be enforced, they might be unwilling to make.  In this case the Trustee was not willing, perhaps resulting from her prior experience with the Debtor and/or his daughter, to provide him another opportunity to salvage his case and perhaps prevent a foreclosure.  While such decision might strike the Debtor as a harsh one, it is not one which the Court is prepared to reject as outside of the parameters of the discretion entrusted to the Chapter 13 Trustee for the Western District of Virginia at Abingdon and Big Stone Gap.  Of course the dismissal of the case, particularly in light of the absence of unsecured creditors, does not at all preclude the Debtor and his secured creditors from reaching an outside-of-bankruptcy accommodation to permit the reasonable curing of any deficiencies he may have in his obligations to such creditors.  Neither does it preclude him from again seeking relief upon a proper showing in this Court.

   The Court will dismiss this case pursuant to a separate order.  The Clerk is directed to send copies of this Decision along with such order to all parties in interest.

---

[2] *In re Litton*, 276 B.R. 87 (Bankr. W.D. Va. 2001).  This decision was subsequently reversed by the Fourth Circuit in *In re Litton*, 330 F.3d 636 (4th Cir. 2003), which ruled that a debtor had the right to file a subsequent Chapter 13 case for the purpose of curing a default under the terms of the agreed order with the mortgagee creditor which had dismissed a prior bankruptcy proceeding.  That opinion did not address as a general matter the policy issues surrounding a court's willingness to enforce its orders or to waive variances therefrom.

This 8th day of June, 2006.

_/s/ William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE